IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                    CRIMINAL NO. 1:08cr130WJG-RHW

EDDIE JAMES PUGH IV (1) a/k/a Stretch;
BARRON LECOUR BORDEN (2) a/k/a/ Bam;
and TORENDA WHITMORE (3) a/k/a/
Torenda Brooks, a/k/a Tory

O R D E R

THIS CAUSE is before the Court on separate motions of Defendants, Eddie James Pugh IV [42]; Barron Lecour Borden [46]; and Torenda Whitmore [39]; to sever their trials from that of each of their co-defendants. These Defendants are jointly charged in a seven-count indictment with various offenses stemming from an incident which occurred on October 8, 2008. (Ct. R., Doc. 42.) Defendants claim that because certain statements may be used during the trial which inculpate a Defendant, and that if any Defendant asserts his or her Fifth Amendment privilege against self-incrimination, the ability to cross examine that Defendant would be non-existent.

In addition, Whitmore asserts that because she is not charged in all counts of the indictment, she would be forced to go to trial with a "bad person" as a co-defendant, and would be greatly prejudiced by going to trial with that co-defendant. (Ct. R., Doc. 39, pp. 1-2.) She claims that the complexity of the evidence which will be presented at trial will cause the jury to be unable to focus on the evidence which applies to each defendant and maintains that any

prejudice suffered by this alleged disparity in evidence cannot be cured with jury instructions. (*Id*., p. 2.)

The United States asserts that conducting three separate trials which would involve the same evidence and witnesses would be an unnecessary burden to the system. (Ct. R., Docs. 43, p. 2; 47 p. 2.) The United States maintains that the motions for severance should be denied because Defendants have not identified a specific and compelling prejudice against which the district court cannot provide protection and which would result in an unfair trial, or that there will be a serious risk that a joint trial would compromise a specific trial right of one of the defendants. (Ct. R., Docs. 42, p. 2; 47, p. 2.) The United States further indicates that it does not anticipate the need to offer the tape recordings of co-defendants as there are other witnesses who will be called, and who will be subject to cross-examination, thereby eliminating any potential Sixth Amendment right of confrontation problem. (*Id*., p. 6.) In addition, the United States asserts that if any co-defendant's written or recorded statement is used that statement can be redacted prior to its use to eliminate any issues. (*Id*.) The United States urges that the motions for severance be denied. (*Id*., p. 7.)

A motion for severance should be granted only if one of the defendants demonstrates serious risk that a joint trial would compromise a specific trial right of one of the defendants. *Zafiro v. United States*, 506 U.S. 534, 538-9 (1993). Persons indicted together generally should be tried together. *United States v. Mikolajczyk*, 137 F.3d 237, 240 (5th Cir. 1998), *reh'g & suggestion for reh'g en banc denied* 144 F.3d 53; & *cert. denied*, 525 U.S. 909. A defendant is not entitled to a severance merely because the evidence against a co-defendant is more damaging than the evidence against the other defendant. *United States v. Bieganowski*, 313 F.3d 264, 288

(5th Cir. 2002), *cert. denied* 538 U.S. 1014 (2003). Defendants are to be tried together if their indictments arise out of a common set of circumstances, even if there is a disparity in the quantum of the evidence. *See United States v. Cortinas*, 142 F.3d 242, 252 (5th Cir. 1998).

The granting of a motion for severance under Rule 14 of Federal Rules of Criminal Procedure is discretionary with the court. *United States v. Faulkner,* 17 F.3d 745, 758 (5th Cir. 1994), *reh'g & suggestion for reh'g en banc denied* 21 F.3d 1110; & *cert. denied*, 513 U.S. 870, & *reh'g dismissed* 513 U.S. 1105 (1995). The Court determines if actual prejudice to the defendant is demonstrated and balances this consideration against the interests of judicial economy. *United States v. Cuesta*, 597 F.2d 903, 919 (5th Cir.), *cert. denied*, 444 U.S. 964 (1979). Federal Rule of Criminal Procedure 14 provides in pertinent part as follows:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election of separate trials of counts, grant a severance of defendants or provide whatever relief justice requires.

Multiple defendants can be joined in the same indictment provided "they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." FED.R.CRIM.P. 8(b). The purpose of the rule is to promote judicial economy and efficiency by avoiding multiple trials where the avoidance is accomplished without substantial prejudice to the right of a defendant to a fair trial. *United States v. Ballis*, 28 F.3d 1399, 1407 (5th Cir. 1994), *reh'g & suggestion for reh'g en banc denied*, 39 F.3d 322 (October 17, 1994).[1]

---

[1] For a discussion of specific reasons for denial of severance *see generally*, *United States v. Cortinas*, 142 F.3d 242, 252 (5th Cir. 1998), *reh'g denied* July 20, 1998, & *cert. denied* 525 U.S. 897.

"The mere presence of a spillover effect does not ordinarily warrant severance." *United States v. Sparks*, 2 F.3d 574, 583 (5th Cir. 1993), *cert. denied* 510 U.S. 1080 (1994). In addition, the mere presence of evidence which is more damaging to one defendant than another does not warrant severance of a trial. *Cortinas*, 142 F.3d at 252. A court can instruct the jury to separately consider the evidence offered against each defendant. *United States v. Walters*, 87 F.3d 663, 670 (5th Cir. 1996), *cert. denied* 519 U.S. 1000. Precise instructions to the jury regarding admissibility and proper uses of evidence will render a fair and impartial verdict to each defendant. *Walters*, 87 F.3d at 670. After consideration of the evidence before the Court, the Court finds there is no showing in Defendants' motions of the extent of prejudice necessary to require a severance. It is, therefore,

ORDERED that the motions of Defendants' Pugh [42], Borden [46] and Whitmore [39] for relief from prejudicial joinder be, and are hereby, denied.

SO ORDERED, this the 11th day of February, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE