IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                      CRIMINAL ACTION NO. 1:08cr130WJG-RHW

EDDIE JAMES PUGH IV (1);
BARRON LECOUR BORDEN (2);

O R D E R

THIS CAUSE comes before the Court on the separate motions filed by Defendants Eddie James Pugh IV [109] and Barron Lecour Borden [110] for a change of venue pursuant to Federal Rule of Criminal Procedure 21(a). Defendants each contend that the trial of this matter should be moved from the Southern Division of Mississippi to the Jackson Division of Mississippi due to publicity concerning them in connection with their appearance in state court on capital murder charges. (Ct. R., Doc. 109, p. 2; Doc. 110, p. 2.) Defendants assert that potential jurors would most likely have read a story reporting this case, and their portrayal in those stories as individuals with a lengthy criminal history would be extremely prejudicial. (Ct. R., Doc. 109, pp. 2-3; Doc. 110, pp. 2-3.) Because of this prejudice, Defendants maintain that their respective motions for change of venue should be granted. (Ct. R., Doc. 109, pp. 3-11; Doc. 110, pp. 3-12.) Defendants argue that media coverage in the Jackson, Mississippi, area was not as extensive as the coverage which occurred on the Mississippi Gulf Coast. (Ct. R., Doc. 109, p. 12; Doc. 110, pp. 12-13.)

According to the United States, a change of venue is within the Court's discretion upon a strong showing of prejudice to a defendant. (Ct. R., Doc. 118, p. 4.) In this case, Defendants

seek an intra-district transfer to the Jackson Division of the Southern District of Mississippi. (Ct. R., Doc. 109, p. 12; Doc. 110, pp. 12-13.) The United States contends that most of the litigants in this case would find a trial in Gulfport, Mississippi more convenient, and that widespread publicity alone is no reason to change venue in a case. (Ct. R., Doc. 118, pp. 5, 7.) The United States contends that *voir dire* will resolve the issue of any adverse pre-trial publicity that may have happened in this case. (*Id.*, p. 9.)

"A defendant is entitled to a fair trial by an impartial jury which will render its verdict based upon the evidence and arguments presented in court without being influenced by outside, irrelevant sources." *United States v. Chagra,* 669 F.2d 241, 249 (5th Cir. 1982), *abrogated in part on other grounds by Garrett v. United States,* 471 U.S. 773 (1985). To satisfy this constitutional guarantee, jury venire members are not required to be wholly ignorant of the facts of a case; instead, "[i]t is sufficient if the juror can lay aside his impression or opinion and render a verdict based upon the evidence presented in court." *Irvin v. Dowd,* 366 U.S. 717, 723 (1961). A court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice. The court may also consider pretrial publicity. *United States v. Lipscomb*, 299 F.3d 303, 340 (5th Cir. 2002). "In order for a defendant to justify a motion to transfer on the basis of pretrial publicity, he must establish that prejudicial, inflammatory publicity 'so saturated the community jury pool as to render it virtually impossible to obtain an impartial jury.'" *United States v. Smith-Bowman*, 76 F.3d 634, 637 (5th Cir. 1996).

Mere exposure to widespread publicity is not a reason to grant a change of venue. *Calley v. Callaway*, 519 F.2d 184, 205-06 (5th Cir. 1975) (*en banc*), *cert. denied sub nom. Calley v.*

*Hoffman*, 425 U.S. 911 (1976). The defendant must make a strong showing of prejudice, establishing that the publicity was inflammatory and created community prejudice. *United States v. Duncan*, 919 F.2d 981, 985 (5th Cir. 1990), *cert. denied* 500 U.S. 926 (1991).

Here, Defendants claim that newspaper articles have prejudiced their trial such that a transfer of the trial to the Jackson Division is necessary. The Court, however, finds that the articles submitted by Defendants do not demonstrate that the jury pool in the Southern Division has been saturated with prejudicial, inflammatory publicity. Under Federal Rule of Criminal Procedure 18, the Court must also consider the convenience of the witnesses and the defendants, along with the prompt administration of justice. The crime scene, the law enforcement agents who investigated the crime, and several witnesses to the Mississippi portion of this event live in the Southern Division. Defendants are currently incarcerated in a facility in the Southern Division. None of the witnesses or defendants are residing in the Jackson Division.

In addition, transfer of this case to the Jackson Division would delay the start of the trial in this matter, which goes against the Court's duty to fix the place of trial so as to comply with the Speedy Trial Act. *Lipscomb*, 299 F.3d at 342. As a result, the Court finds that the convenience of the witnesses and Defendants, and the prompt administration of justice favors the trial of this matter taking place in the Southern Division, as currently scheduled. The Court, therefore, concludes that the applicable standards for change of venue for pretrial publicity have not been met in this case, and finds no reason to change venue. It is therefore,

ORDERED that Defendant Eddie James Pugh's motion for change of venue [110] be, and is hereby, denied. It is further,

ORDERED that Defendant Barron Lecour Borden's motion for change of venue [111] be, and is hereby, denied.

SO ORDERED this the 6th day of May, 2009.

                                                 *Walter J. Gex III*
                                   UNITED STATES SENIOR DISTRICT JUDGE